favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit, and it is not ordinarily a matter of substantial importance whether they are joined as plaintiffs or as defendants.

3.  APPEAL AND ERROR, § 1213*—*what may not be assigned for error.* A party cannot assign for error that which does not affect him but is prejudicial only to others who do not complain.

4.  APPEAL AND ERROR—*when error in reinstating stricken bill without notice may not be complained of.* Any error of the trial court, in a suit in equity to dissolve a partnership and procure an accounting, in reinstating without notice to the defendants, the bill, which was stricken from the docket with leave to reinstate, cannot be raised on appeal where the question was not raised in the trial court, and no injustice resulted from the action of the court.

5.  EQUITY, § 574a*—*when bill of review defective for lack of parties.* A bill for review of a decree in a suit by one partner against other members of the partnership for a dissolution of the partnership and for an accounting is fatally defective where only some of the defendants are made parties to the bill of review.

---

## John Looney, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

### Gen. No. 6,520.   (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon. BENJAMIN S. BELL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918. Rehearing denied May 14, 1918.

### Statement of the Case.

Action by John Looney, plaintiff, against Chicago, Rock Island & Pacific Railway Company, defendant,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to recover for injury to an interstate shipment of horses. From a judgment for plaintiff, defendant appeals.

STAFFORD, SCHOEDE & STAFFORD, for appellant; M. L. BELL and A. B. ENOCH, of counsel.

J. T. and S. R. KENWORTHY and J. HAYS BRITTON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 248*—*when evidence of price paid for horses is incompetent.* In an action against a terminal carrier to recover for damage to an interstate shipment of horses, evidence of what the shipper paid for the horses is incompetent.

2. EVIDENCE, § 430*—*when proper foundation laid for introduction of expert evidence as to value of horses.* A proper foundation for the admission of evidence of expert witnesses as to the market value of western horses, shipped from a particular reservation in a certain western state, is laid where the witnesses testify that they have knowledge of the market value at the point of destination of western horses of the character, quality and disposition of those owned by plaintiff, even though they do not show that they are acquainted with the market value of horses raised on the particular reservation.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.